W. C. PARKE, Assignee *vs.* M. P. ROBINSON *et al.*

Trover.    Before Preston, J.

August, 1887.

A tenant holding over after end of term, failed to pay rent, and the land-lord distrained and removed goods, prior to the bankruptcy of the tenant: Held, the landlord was entitled to the proceeds as against the assignee in bankruptcy.

Decision of Preston, J.

This is an action of trover brought to recover certain stock-in-trade, consisting of crockery, glassware, etc., belonging to the bankrupt, or its value.

It appeared from the evidence that on the 1st day of April, 1864, Messrs. James Robinson and Robert Lawrence granted a lease of a store situate at the corner of Nuuanu and King streets, Honolulu, to T. & T. J. Mossman, for the term of three years from date, "with the privilege of holding the same three additional years," at the yearly rent of $1030, payable quarterly. That at the expiration of said term, no other lease or agreement was made, and the tenants and the survivor (T. J. Mossman) remained in possession of the premises, paying the same rent as reserved by the lease, until the bankruptcy of the said T. J. Mossman, which occurred on the 24th day of January, 1887, on which day the defendants, who had become the owners of the premises, distrained and removed the goods in question for one year's rent due on the 1st day of the said month.

The plaintiff was appointed assignee of the bankrupt's estate, and claimed that the distress was illegal.

On behalf of the plaintiff it was contended that at the expiration of the term created by the lease, the lessees continued in possession as tenants at will only, and therefore, under the statute relating to distress for rent, the defendants had no right to distrain, or at most for four months' rent only.

I am of opinion that the defendants are entitled to judgment.

The lessees on the expiration of the term became tenants from year to year, subject to the tenancy being determined by proper notice.

The statute allowing a distress for rent does not limit the right to any definite time or to any express amount. It provides that no goods shall be liable to be taken on execution, unless the party suing out the same shall pay all arrears of rent, provided the same shall not exceed one year, if the tenancy be by the year, or four weekly or monthly payments if the tenancy shall be by the week or month.

This provision cannot apply in this case.

The defendants having distrained and removed the goods before the order to the Marshal to take possession was made, are entitled to hold the proceeds, and I therefore find for the defendants and direct judgment to be entered for them with costs as of the July Term.

*Cecil Brown,* for plaintiff.

*W. Kinney,* for defendants.